IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-00375-BNB

MICHEL THELEN,

    Plaintiff,

v.

18TH JUDICIAL COURTS,
18TH JUDICIAL DISTRICT ATTORNEY,
LINCOLN COUNTY COURTS,
LINCOLN COUNTY SHERIFF'S DEPUTYS,
WILLIAM SYLVESTER,
DOUGLAS TALLMAN,
CAROL CHAMBERS,
JAMES BARTKUS, and
TRUSTEN FISHER,

    Defendants.

---

ORDER OF DISMISSAL

---

    Plaintiff, Michel Thelen, initiated this action by filing *pro se* a Complaint (ECF No. 1). On February 12, 2014, Magistrate Judge Boyd N. Boland ordered Mr. Thelen to file an amended complaint that clarifies who he is suing and the claims he is asserting. Magistrate Judge Boland determined the Complaint did not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure because Mr. Thelen failed to provide a short and plain statement of his claims showing he is entitled to relief. Magistrate Judge Boland warned Mr. Thelen that, if he failed to file an amended complaint that complies with the pleading requirements of Rule 8, the action would be dismissed without further notice. On April 16, 2014, Mr. Thelen filed an amended

complaint (ECF No. 8) pursuant to 42 U.S.C. § 1983 seeking damages and unspecified injunctive relief.

The Court must construe the amended complaint liberally because Mr. Thelen is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons discussed below, the action will be dismissed.

The Court has reviewed the amended complaint and finds that Mr. Thelen still fails to comply with the pleading requirements of Rule 8. The twin purposes of a pleading are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the Court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989); *see also Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007) (stating that a complaint "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated.").

The requirements of Rule 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced

by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. As a result, prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Construing the amended complaint liberally, Mr. Thelen contends that his rights were violated in connection with his guilty plea, conviction, and ninety-day jail sentence in case number 2011M105, a county court case in Lincoln County, Colorado. Mr. Thelen agreed to plead guilty in the county court case to violation of a mandatory protection order that was entered in case number 10CR36, a district court case in Lincoln County. Mr. Thelen also alleges that his probation in case number 10CR36 was revoked as a result of his violation of the mandatory protection order. Mr. Thelen contends that the mandatory protection order in case number 10CR36 was vacated in February 2012 because the district court lacked jurisdiction to impose a mandatory protection order in that case.

The named Defendants in this action are the state courts in Lincoln County and Colorado's Eighteenth Judicial District, unidentified deputy sheriffs in Lincoln County, the Office of the District Attorney for Colorado's Eighteenth Judicial District, two district court judges in Colorado's Eighteenth Judicial District, a county court judge in Lincoln County, and two district attorneys for Colorado's Eighteenth Judicial District. Mr. Thelen's specific claims for relief in the amended complaint, in their entirety, are the following:

3

> **FIRST CLAIM FOR RELIEF AND SUPPORTING FACTUAL ALLEGATIONS**
>
> The Plaintiff was unlawfully given a mandatory criminal protection order in a traffic case. POISONOUS tree doctrine 1963.
>
> **SECOND CLAIM FOR RELIEF AND SUPPORTING FACTUAL ALLEGATIONS**
>
> The plaintiff was detained, questioned without his Maranda [sic] warning a violation of his 5th amendment rights.
>
> **THIRD CLAIM FOR RELIEF AND SUPPORTING FACTUAL ALLEGATIONS**
>
> The plaintiff was sentenced to 90 days in jail.
>
> **FOURTH CLAIM FOR RELIEF AND SUPPORTING FACTUAL ALLEGATIONS**
>
> Numerous individuals acting under the color of law deprived Thelen of numerous Civil rights brought about by several torts and malicious intent on individuals.

(ECF No. 8 at 3-4.)

Despite the specific instructions provided by Magistrate Judge Boland, Mr. Thelen fails to provide a short and plain statement of his claims showing he is entitled to relief. Mr. Thelen fails to allege specific facts in support of his claims and he fails to identify against which Defendant or Defendants he is asserting each claim or what each Defendant did that allegedly violated his rights. As a result, Mr. Thelen's amended complaint does not give Defendants fair notice of the specific claims being asserted against them.

The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in

constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005); *see also United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991) ("Judges are not like pigs, hunting for truffles buried in briefs."); *Ketchum v. Cruz*, 775 F. Supp. 1399, 1403 (D. Colo. 1991) (vague and conclusory allegations that his rights have been violated does not entitle a *pro se* pleader to a day in court regardless of how liberally the pleadings are construed), *aff'd*, 961 F.2d 916 (10th Cir. 1992). "[I]n analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations." *Hall*, 935 F.2d at 1110. Because Mr. Thelen fails to provide a clear and concise statement of the claims he is asserting, the Court finds that the amended complaint must be dismissed for failure to file an amended pleading that complies with Rule 8 as directed.

In addition, Mr. Thelen may not sue many of the entities and individuals he names as Defendants in the amended complaint. Mr. Thelen may not sue the state courts in Lincoln County and Colorado's Eighteenth Judicial District or the Office of the District Attorney for Colorado's Eighteenth Judicial District because those entities are protected by Eleventh Amendment immunity. *See Steadfast Ins. Co. v. Agricultural Ins. Co.*, 507 F.3d 1250, 1252-53 (10th Cir. 2007) (noting that the Eleventh Amendment protects states and state entities regardless of whether a plaintiff seeks declaratory or injunctive relief or monetary damages). The Eleventh Amendment also prevents Mr. Thelen from suing the individual state Defendants in their official capacities. *See Monell v. Department of Social Services*, 436 U.S. 658, 690 n.55 (1978) (noting that official capacity suits "generally represent only another way of pleading an action against an

entity of which an officer is an agent").

With respect to the state court judges and district attorneys Mr. Thelen is suing in their individual capacities, he fails to allege facts that demonstrate those individuals acted outside the scope of their absolute immunity. Judges are absolutely immune from liability in civil rights suits for money damages for actions taken in their judicial capacity unless the judge was acting in the clear absence of all jurisdiction. *See Mireles v. Waco*, 502 U.S. 9, 11-12 (1991); *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978); *Hunt v. Bennett*, 17 F.3d 1263, 1266-67 (10th Cir. 1994). Similarly, "acts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his [or her] role as an advocate for the State, are entitled to the protections of absolute immunity." *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993).

Finally, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Plaintiff files a notice of appeal he also must pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

ORDERED that the complaint (ECF No. 1), the amended complaint (ECF No. 8), and the action are dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure because Mr. Thelen failed to file a pleading that complies with the pleading requirements of the Federal Rules of Civil Procedure. It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.

DATED at Denver, Colorado, this  22nd  day of   April        , 2014.

BY THE COURT:


    s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court